# Hanover Fire Insurance Co. *v.* Crawford.
# Crawford *v.* Hanover Fire Insurance Co.

## *Action on Policy of Insurance.*

1. *Condition subsequent in a policy, proper rule in construing.* Where a fire insurance policy covers several items or subjects, and there is a breach of a condition subsequent as to one of them, it does not necessarily operate to avoid the policy as to all; nor does it necessarily follow that such breach may not avoid the policy as to all the items covered. The nature and character of the condition, and general convenience and equity as well as the good sense and reasonableness of the particular case, are all to be considered; and if nothing but injustice will be accomplished by the enforcement of a condition the courts cannot presume that it was the intention of the parties to have so contracted as to that particular item insured.

2. The iron-safe clause in a policy of insurance is a condition subsequent.

3. *Policy of insurance when divisible.*—A policy of insurance was issued against loss by fire to an amount not exceeding $1,750.00 to the "following described property" and stating $700.00 on the store building, $1000.00 on the stock of merchandise and $50.00 on the store and office furniture and fixtures, and providing that the insured should take an inventory at stated times and keep his books and the inventory in an iron safe or in some place not exposed to fire which would destroy the building insured, and that on failure to observe these conditions "this policy shall become null and void and such failure

·[Hanover Fire Ins. Co. v. Crawford.]
[Crawford v. Hanover Fire Ins. Co.]

shall constitute a perpetual bar to any recovery thereon." The whole property was destroyed by fire during the life of the policy, including the inventory and books, the insured having negligently failed to comply with his warranty in regard to them. *Held*, that whatever may be the rule as to the effect of false warranties, the condition under consideration as to its application cannot by any rule of construction consonant with justice and reason and the manifest intention of the parties, be made to so apply to the building and fixtures as that a breach of it would defeat a recovery for their loss.

APPEAL from the Circuit Court of Montgomery.

Tried before Hon. J. R. TYSON.

This suit was brought on a policy of insurance by W. H. Crawford against the Hanover Fire Insurance Company.

The facts are fully stated in the opinion.

TOMPKINS & TROY, for Hanover Fire Insurance Company.—The contract of insurance was entire; and parties must stand by their contracts as made.—*Phoenix Insurance Co. v. Copeland*, 90 Ala. 386; *Dwight v. Insurance Co.*, 103 N. Y. 341; 1st Biddle on Ins., Sec. 572; *Alabama Gold Life Ins. Co. v. Thomas*, 74 Ala. 578; *Royal Ins. Co. v. Lubelsky*, 86 Ala. 530. (2). The hazard was identical and· for that reason the contract was not severable.—1st Biddle etc., Sec. 573; *Western Assurance Co. v. Stoddard*, 88 Ala. 606; *Hanens v. Ins. Co.*, 111 Ind. 90·; *Plath v. Ins. Co.*, 23d Minn. 479; *Garver v. Insurance Co.*, 69 Ia. 202. (3). There was no waiver; the question of waiver is one of facts or intention.—*Tedder v. Steele*, 70 Ala. 347; *Central City Ins. Co. v. Oates*, 86 Ala. 558.

·THOS. H. WATTS, for Crawford.—The defendant waived the breach of the clause in the contract respecting the iron safe and keeping the books. If the company after knowledge of the breach enters into negotiations with the insured ·which recognize the policy as still of force or induce the insured to trouble and expense it will be regarded as having waived the right to claim the forfeiture.—*Young v. Queen Ins. Co.*, 86 Ala.

430; *Titus v. Glen*, 81 N. Y. 410; *Roby v. A. C. Ins. Co.*, 120 N. Y. 517; *Allen v. Vermont etc.*, 12 Ver. 361; *Webster v. Phoenix*, 36 Wis. 67; *Gaus v. St. Paul*, 43 Wis. 107. (2). The contract was divisible.—*Clark v. N. E. Mut. Ins. Co.*, 6 Cush. 342; *Koontz v. Han. Sav. & Ins. Co.*, 42 Mo. 126; *Speagle v. Dwelling House Ins. Co.*, 31 S. W. 282; *Hayes v. Westcott*, 91 Ala. 143.

McCLELLAN, C. J.—The plaintiff in the court below brought suit against the defendant upon a policy of insurance in which he was allowed to recover the value of the storehouse and fixtures therein, two of the subjects covered by the policy, and not permitted to recover the value of the stock of goods kept in the house on account of his failure to comply with that provision of the policy known as the iron safe clause. Both plaintiff and defendant prosecute appeals to this court from the judgment.

The defendant's assignments of error are determinable upon the decision of the question as to whether the policy with respect to the three subjects of insurance, to-wit: the house, the fixtures and the goods, is divisible, so as to allow the plaintiff to recover the value of the house and fixtures, notwithstanding his admitted breach of that condition of the policy above referred to and designated as the "iron safe clause."

The policy is one contract containing many conditions, warranties and representations. It recites a gross premium paid for the consideration of indemnifying the plaintiff against loss or damage by fire to an amount not exceeding $1,750 to the following described property: $700 on two story shingle roof building etc. while occupied as a general store etc. $1,000 on his stock of merchandise consisting of dry goods, groceries, hardware, etc., while contained in said building. $50 on store and office furniture and fixtures etc. contained in said building.

It does not necessarily follow that because all the items insured are covered by one policy, that a breach of a condition subsequent in the policy will avoid it as to all the items or subjects covered. And, indeed, it

[Hanover Fire Ins. Co. v. Crawford.]
[Crawford v. Hanover Fire Ins. Co.]

does not necessarily follow that because there are many items or subjects insured by the policy that it may not be avoided as to all of them. Whether either of these results flow from a breach of a condition in a policy must depend upon the nature and character of the condition and the purpose to be accomplished. They are usually adopted by insurance companies to protect themselves against fraud and they have been recognized and enforced by the courts as valid stipulations whenever they are reasonable. Whenever nothing, but injustice, will be accomplished by the enforcement of a condition the courts cannot presume that it was the intention of the parties to have so contracted as to that particular item of property insured. The law will be guided by a respect to general convenience and equity and by the good sense and reasonableness of the particular case, for it must be supposed that it was the intention of the parties that such construction should take place. In the case of *Georgia Home Ins. Co. v. Allen*, 24 So. Rep. 399, s. c. 119 Ala. 436, this court held the iron safe clause to be a condition subsequent. This covenant and promissory warranty imposed upon the insured the duty to take a complete itemized inventory of his stock of goods within thirty days of the issuance of the policy, unless such inventory had been taken within twelve months prior to the date of its issuance and, at all events, to take this inventory at least every twelve months from the time of the taking of the last one. It also exacted of him that he keep a set of books which shall clearly and plainly present a complete record of business transacted, including all purchases, sales and shipments, both for cash and credit, from date of inventory and during the continuance of the policy. He was required to keep these books and inventory and also the last preceding inventory if such has been taken, securely locked in a fire-proof safe at night and at all times when the building mentioned in the policy is not actually open for business, or failing in this, the assured will keep his books and inventories in some place not exposed to a fire which will destroy the storehouse. It is further provided that in the event

of his failure to produce his books and inventories for the inspection of the defendant company that the policy shall become null and void, etc. The purpose of incorporating this condition in the policy is patent from its language. That it was never within the contemplation of the parties that the books or inventory were to contain any item with reference to the building or fixtures is beyond cavil. The preservation of them was solely and exclusively for the purpose of ascertaining the value of the stock of goods covered by the policy in case of fire. They were the best evidence of this fact and, if correctly kept, would furnish an unerring guide by which the amount of defendant's liability as to the goods destroyed could have been ascertained. Besides they stood as a barrier to the perpetration of any fraud by the assured with respect to the quantum and value of the goods destroyed. No such considerations could be invoked as to the application of this condition to the other subjects of insurance in the policy.

Nor can it be fairly said that this condition entered into the inducement on the part of the defendant to issue the policy. It was not shown that the rate of insurance upon the house and fixtures would have been greater had the assured not included his stock of goods in the policy; or that a different rate was charged upon the separate valuation of each subject. Furthermore, we are unable to see how a failure to comply with the condition could possibly affect the risk upon the building and fixtures. If broken by the assured and a loss occurs by fire, the assured loses the value of his goods and this too whether the fire is occasioned by his willfulness, neglect, accident or the incendiarism of another. There could then be no inducement for him to destroy the building, or the building and its contents. Unlike the case, in this respect where there is a misrepresentation as to ownership of a building containing machinery more or less attached to the building, and both the building and machinery are the subjects of insurance in the same policy. Here, we can well see how the hazard or risk upon the machinery would be increased if there was a false warranty as to the ownership of the build-

ing. The assured might be induced if allowed to recover for loss of machinery, notwithstanding his false warranty which would deprive of the right to recover for the loss of the house, to destroy the house for the purpose of getting the insurance upon the machinery.

We are aware that in many of the States it is held that a policy like the present one is an entire contract, and a false warranty will avoid the entire policy. In others, the rule is different and unless the false warranty is of such a nature as to increase the hazard or risk assumed by the insurance company as to all the subjects separately valued, the assured is allowed to recover for the loss or destruction by fire of those not falling under the influence of this construction. This latter rule is declared by the courts, holding it to be the fairer one and more clearly carrying out the intention of the parties to the contract.

Whatever may be the rule as to the effect of false warranties, we are clearly of the opinion, that the condition under consideration, as to its application, cannot by any rule of construction consonant with justice and reason and the manifest intention of the parties be made to so apply to the building and fixtures as that a breach of it would defeat his recovery for their loss.

In the case of *Manchester Fire Assurance Co. v. Feibelman*, 23 So. Rep. 759, 118 Ala. 308, the policy of insurance contained separate valuations made of the fixtures, wines, liquors, etc., and the pool tables of the assured. The company insisted that the assured had avoided the policy entirely by giving a mortgage upon three of the pool tables in violation of one of the conditions contained in the policy. This court held that the insurance as to each of the subjects was divisible and that the assured might recover for the loss of the other items, notwithstanding he had avoided the policy as to the pool tables. In support of this view, in addition to the authorities therein cited, we find that in *Clark v. New England Mut. Fire Ins. Co.*, 6 Cush. 342, the Supreme Court of Massachusetts held that the alienation by the assured of his shop, after the issuance of the policy, did not avoid the policy upon his tavern covered by the

same policy, they each being separately valued; also that in *Speagle v. Dwelling House Ins. Co.*, 31 S. W. Rep., s. c. 97 Ky. 646, the Supreme Court of Kentucky held that where four dwelling houses insured were burned, the fact that two of them were unoccupied, thus vitiating the policy as to them, does not prevent recovery for the other two, which were occupied.

The case of *Mitchell v. Mississippi Home Ins. Co.*, 18 So. Rep. 86, s. c. 72 Miss. 53, decided by the Supreme Court of Mississippi is directly in point. The court said, "The requirement of the iron-safe clause is that the last inventory and the books of account of sales and purchases shall be kept in such safe or in some secure place other than the premises where the insured property was kept and that a failure to produce the inventory and books after loss shall avoid the policy; but all this has reference only to such articles of merchandise as constitute the stock in trade. The store fixtures and furniture and the restaurant furniture, including the cooking stove, were never designed to be embraced in the inventory of the stock on hand or to be entered and carried in the books of account, showing purchases and sales of goods by the insured. As to these, the policy was not avoided by appellant's failure to observe the iron-safe clause. The contract was divisible and it may be true that appellant could be defeated of a recovery for the sum for which the stock of goods was insured, and yet might have been entitled to recover for the furniture and fixtures of the store and restaurant. The case is not to be confounded with those in which any recovery for any part of the sum insured has been denied because of misrepresentations or fraud of the insured." The evidence was without dispute that the plaintiff allowed his books to remain in the building in which he carried on the business of general merchandise and that they were destroyed by the fire which destroyed the building, fixtures and stock of general merchandise. That he avoided the policy as to the stock of merchandise by so doing is not questioned by him, and he is not entitled to recover for their loss, unless the defendant waived his breach of the

condition.  It is insisted, however, by plaintiff that the evidence shows a waiver.  The evidence relied upon as establishing this contention is in certain letters written by the agent of defendant to the plaintiff and his principal, and letters written by defendant to this agent with reference to the loss under the policy sued upon. In none of them do we find any recognition by the defendant or its agent of any liability to the plaintiff; but on the contrary there is in many of them a denial of all liability.  In the only two letters received by plaintiff the liability of the defendant is expressly denied for the reason therein stated, that he had failed to comply with this condition of the policy.  The evidence upon this point, in our opinion, was not as forceful as it was in the case of *Georgia Home Ins. Co. v. Allen, supra,* in which this court held as a matter of law, there was no waiver of the breach of the conditions and covenants of the policy.

What we have said renders it unnecessary to consider the rulings upon the pleadings in the cause.  The evidence being without dispute upon the two propositions discussed by us, there was no error committed by the trial court of which the plaintiff or defendant can complain.

Judgment affirmed on each appeal.