James T. Taylor v. Anchor Mutual Fire Insurance Company, Appellant.

**Insurance:** FALSE REPRESENTATIONS: *Misstatement of agent in application.* Where an applicant for insurance states the true condition of the property with reference to incumbrance to the agent, but he incorrectly states them in writing the application, such misstatement does not avoid the policy.

CONDITIONS: *Forfeiture.* Where a policy insured for separate amounts the dwelling house, furniture, cattle, and other items, and provided that any incumbrance of the property insured without the consent of the company should avoid the policy, a chattel mortgage on the cattle does not avoid the policy as to the house and furniture.

Review on Appeal: *Finding of waiver.* In an action on a policy the finding of the jury as to issues of waiver is conclusive on the appellate court.

*Appeal from Mills District Court.*—HON. W. R. GREEN, Judge.

WEDNESDAY, JANUARY 22, 1902.

ACTION to recover for a loss within the terms of a policy of fire insurance. Defendant relied upon misrepresentations in the application as to plaintiff's title to, and incumbrance of the insured property subsequent to the making of the contract of insurance, and in violation of its terms; also that there was a failure to furnish proofs of loss. There was a judgment on a verdict for plaintiff, from which defendant appeals.—*Affirmed.*

*Sullivan & Sullivan* for appellant.

*Shirley Gillilland* and *O. R. Patrick* for appellee.

McCLAIN, J.—The application on which the policy was issued represented that insured owned 93 acres of land,

"on which the property to be insured is located," of the value of $35 per acre; that there was $900 incumbrance thereon; that he had a fee simple title to the land "on which the above described property to be insured is situated;" and that his title was undisputed to the property proposed for insurance; and these representations were, in the policy, warranted to be correct. The policy specifies the risk assumed as follows: "$250 on frame dwelling house; $250 on household furniture, beds, and bedding while therein; $50 on family wearing apparel therein; $25 on sewing machines while therein; $50 on silver and plated ware while therein, and family jewelry, books, pictures, picture frames; $100 on work horses, mules, and colts on premises (and against loss by lightning), at large or in use, not to exceed $75 on each; $100 on cattle on premises; $100 on grain in building; $25 on wagons, carriages, and harness." It is provided in the policy not only that it shall be void in case of false representations in the application, or change in title or possession, but also that it shall be void after any sale, conveyance, or incumbrance of the property insured, without the consent of the company.

I. It appears that the 93 acres described as the premises on which the buildings and other property insured were located consisted, in fact, of two tracts,—one of 80 acres, and another adjoining of 13 acres,—and that the property was all located on the latter of these two tracts.

There was some contention as to breach of warranty with reference to the title of, and incumbrance upon, the 80-acre tract; but it is shown that the true condition of the property with reference to title and incumbrance was truly stated to the agent, and that, if the application had been made out in accordance with the information given, there would have been no falsity in the statements. Therefore no defense is made out as to the title of, or incumbrance upon, the real estate.

II.   Subsequent to the issuance of the policy the insured gave a chattel mortgage on some of the cows and horses covered by the policy, and this is relied on by defendant as a breach of condition, avoiding the entire policy, and therefore preventing recovery for the loss, which was of the dwelling house and furniture therein.   We may concede that the giving of the chattel mortgage was a breach of the condition of the policy as to the property covered by the mortgage, and we are therefore at once confronted with the question whether a breach of condition as to a part of the property covered by the policy will avoid the policy as to other property enumerated, and covered by a separate stipulation thereof, as to the amount of the risk assumed on such property.   It will be seen that if the house and furniture had been included in one policy, and the animals in another, a breach of the condition of the policy covering the animals would not prevent recovery under the policy covering the dwelling house and furniture; but it is contended that, where an insurance on different classes of property is effected by a policy which states a gross premium, the contract is entire, although the risks assumed on the different classes of property are distinct and separate.   On this question the authorities are in hopeless confusion, and there are cases upholding without qualification, to the rule that the entirety of the premium is conclusive as to the entirety of the contract, so that a breach of condition as to one class of property will avoid the policy as to all, notwithstanding the two classes are included in separate clauses as to the amount of loss to be paid.   On the other hand, there are cases in which it is held that if the risks are separately enumerated the policy is divisible, notwithstanding the entirety of the premium.   We think, however, the great weight of authority at the present time is to the effect that the question is one of the intention of the parties, and that if the condition of the property is such that the risk as to one class of property

would be affected by the destruction of the other, then it
must be presumed that the breach of condition as to one
class is a violation of the contract, also, as to the other class,
because the company would not have insured the one except
upon the condition imposed as to the other; while, if the
loss of the one class of property could not affect the risk
as to the other, then it must be presumed that there was no
intention that the conditions as to one should apply to the
risk as to the other. In support of this construction we find
the following pertinent language used by the supreme court
of New York in the case of *Merrill v. Insurance Co.,* 73 N.
Y. 452 (29 Am. Rep. 184): "When there are several sub-
jects of insurance (as there are fourteen here), separately
valued, on which a gross sum is insured, not exceeding the
aggregate of that valuation, for the insurance of which a
premium in gross is paid, it is easy to see what is the
rate of premium on the whole valuation, and what is the
amount of premium on each subject insured. This being
so, it seems fanciful to say that, if the facts thus easily
reached were stated in detail in the contract it would be
severable, while not being specifically spread out it is
entire. If there were anything in the terms or nature of the
particular contract, or in the circumstances of the case, or
in the nature of the different subjects of insurance, from
which it was to be inferred that the insurer would not have
been likely to have assumed the risk on one or several of
them unless induced by the advantage and profit of having
a risk on all, that would be a rational cause for deeming
the contract entire. But when, for aught that appears,—
when, indeed, it is as likely that,—the insurer would have
taken a risk upon any one or any few of the subjects in-
sured at the same rate of premium as upon the whole, and
has in the policy so separated the subjects, and so singled
them out by a specific valuation, as that there is no difficulty
in distinguishing one of the subjects from the rest, and
closing the contract as to that separately, and carrying for-

ward the contract as to the rest, it does result that the contract is severable in practical operation, and hence in law. And so, also, that, though there may have been some conduct of the insured as to some of the property, not evil in itself, but working a breach of a condition in its letter, the effect of that breach may be confined to the insurance upon that property, the contract as to that may be held avoided, and as to the other subjects held valid.   There is another rule,—that in construing the consideration, as entire or distributed, the law will be guided by a respect to general convenience and equity, and by the good sense and reasonableness of the particular case; for it must be supposed that it was the intention of the parties that such a construction should take place, in the occurrence of contingencies not contemplated and provided for at the making of the contract." In *Phoenix Insurance Co. v. Pickel,* 119 Ind. 155 (21 N. E. Rep. 546, 12 Am. St. Rep. 393), the court uses this language:   "In this case we are unable to see how the risk on the house named in the second and third paragraphs of the answer could affect the risk on the barn or the personal property, for the destruction of which the suit was prosecuted.   The risks on the different items of property named in this policy are many of them separate and distinct.   It is true that the risk on the household goods in the house would be affected by whatever would affect the risk on the house; so the risk on the grain in the barn would be affected by whatever would affect the risk on the barn; but we think it impossible to conceive how the risk on the barn could affect the risk on the house, or *vice versa."*   And it was accordingly held in another action between the same parties [*Pickel v. Insurance Co.,* 119 Ind. 291 (21 N. E. Rep. 898)] that while, under the former case, the policy should be treated as several with reference to the different buildings, it was indivisible with reference to the risk on the house and personal property contained therein, although they were enumerated under separate clauses in describing the loss to

be paid. And the doctrine of these cases is reiterated by the same court in *Geiss v. Insurance Co.,* 123 Ind. 172 (24 N. E. Rep. 99, 18 Am. St. Rep. 324), where it was held that although different classes of personal property, involved in the same risk, were separately enumerated, a breach of condition as to one would be a breach as to all. To the same effect, it was held in *Loomis v. Insurance Co.,* 77 Wis. 87 (45 N. W. Rep. 813, 8 L. R. A. 834, 20 Am. St. Rep. 96) that "although the insurance is distributed to the different items of insured property, the contract is indivisible if the breach of contract as to an item of the property affects, or may reasonably be supposed to affect, the other items by increasing the risk thereon." In support of the same general proposition, see *Loehner v. Insurance Co.,* 17 Mo. 247; *Koontz v. Insurance Co.,* 42 Mo. 126 (97 Am. Dec. 325); *Phoenix Ins. Co. v. Lawrence,* 4 Metc. (Ky.) 9 (81 Am. Dec. 521); *Hanover Ins. Co. v. Crawford,* 121 Ala. 258 (25 South. Rep. 912, 77 Am. St. Rep. 55); *Manchester F. Assurance Co. v. Glenn,* 13 Ind. App. 365 (40 N. E. Rep. 926, 41 N. E. Rep. 847, 55 Am. St. Rep. 225). A recent case strongly supporting the proposition that the contract is indivisible, and a breach of condition as to one class of property will avoid it as to all the property covered, is *Southern F. Ins. Co. v. Knight,* 111 Ga. 622 (36 S. E. Rep. 821, 52 L. R. A. 70, 78 Am. St. Rep. 216).

But it is unnecessary to elaborate by quotations from or citations of the many cases in which this question has been considered. The citations found in several of the recent cases above referred to cover the whole ground. It may be said, further, that several cases in which courts have announced the unqualified rule that a breach of condition as to one class or item of property covered by the policy will constitute a breach of the contract as to all the property covered are cases where the different classes or items of property were so situated with reference to each other that the risk as to one constituted a risk as to all, and in these

cases the same result might have been reached by adopting the rule which we have above announced as supported by the weight of authority. See, as illustrations, *Lee v. Insurance Co.*, 3 Gray, 583; *Fire Association v. Williamson*, 26 Pa. 196; *Agricultural Ins. Co. v. Hamilton*, 82 Md. 88 (33 Atl. Rep. 429, 30 L. R. A. 633, 51 Am. St. Rep. 457); *Cuthbertson v. Insurance Co.*, 96 N. C. 480 (2 S. E. Rep. 258). It may be noticed, also, that the North Carolina court, in a later case than that last cited, although not involving the same question, has held that where the policy classifies and specifies numerous items of property, and the sums of money for which they are severally insured, the contract is not single, but severable. *Pioneer Mfg. Co. v. Phoenix Assurance Co.*, 110 N. C. 176 (14 S. E. Rep. 731, 28 Am. St. Rep. 673.)

The question has not been fully discussed in any cases which have been decided by this court. In *Garver v. Insurance Co.*, 69 Iowa, 202, the proposition is broadly laid down that where the premium is in gross the contract is not divisible, and a breach of warranty as to a part of the property will vitiate the policy as to the whole. But it is to be noticed that there the policy covered a barn and certain horses, and the court might well have held that the risk, so far as the horses were concerned, was involved in any risk affecting the barn; and the conclusion was therefore in accordance with the rule which we think to be the proper one, although we do not regard the reason given as satisfactory. In *Kahler v. Insurance Co.*, 106 Iowa, 380, the view expressed in the *Garver Case* was qualified so as to leave the way open for adopting the position which we now take. We therefore hold on this question, as involved in the case before us, that entirety of premium does not necessarily prove that the contract is indivisible, and that where it appears from the terms of the policy that distinct items or classes of property were separately insured the policy may

be valid as to one item or class, although it is invalid as to another item or class by reason of breach of conditions of the policy with reference thereto, provided it appears, also, that the risk which it was intended to exclude by the condition which is broken does not apply to the other items or classes of property. In this case a chattel mortgage on the cows and horses could not in any way affect the nature of the risk as to the dwelling house and contents, and therefore we find that a breach of a condition in the policy as to the one class of property did not invalidate the insurance as to the other.

III.　As to failure to furnish proofs of loss, the plaintiff relied upon a waiver contained in a letter from an officer of the company to the plaintiff with reference to an adjustment of the loss, and subsequent conduct of the adjuster with reference to the loss. Under the issues, the question of waiver was properly submitted to the jury, and their finding is conclusive upon us.—AFFIRMED.