(No. 16689.—Judgment reversed.)
BEN CAPPS, Defendant in Error, vs. THE NATIONAL UNION
FIRE INSURANCE COMPANY, Plaintiff in Error.

*Opinion filed October 28, 1925.*

1. CONTRACTS—*executory contract of sale conveys neither legal nor equitable title.* The vendee under an executory contract of sale has neither the legal nor equitable title to the property covered by the contract.

2. INSURANCE—*condition that insured must own building and ground upon which it stands is valid—waiver.* Conditions in a policy of fire insurance rendering the policy void if the interest of the insured be other than unconditional and sole ownership or if the subject of insurance be a building on ground not owned by the insured in fee simple are reasonable and valid, and a breach of such conditions, or either of them, is a bar to a recovery under the policy unless the insured produces evidence of a waiver of the conditions or shows an estoppel which precludes the insurer from making its defense.

3. SAME—*party holding an insurance policy is bound to know its contents.* Unless he has been misled by some act of the insurer, a person who accepts and retains the possession of an insurance policy is bound to know its contents.

4. SAME—*construction of insurance contract.* The principles governing the interpretation of an insurance contract are the same as those applicable to other contracts, and the purpose of construing such a contract is to ascertain the intention of the parties as expressed in the writing.

5. SAME—*general rule as to when fire policy will be regarded as divisible.* Where the property is so situated that the risk on one item cannot be affected without affecting the risk on the other items a fire insurance policy should be regarded as entire and indivisible, but where the property is so situated that the risk on each item is separate and distinct from the others, so that what affects the risk on one item does not affect the risk on the others, the policy should be regarded as severable and divisible.

6. SAME—*when insurance of a house and furniture will be regarded as one contract.* Violation of a provision in a fire insurance policy covering both house and furniture in respective amounts that the insured must be the owner of the building and the ground upon which it stands will render the entire policy void as one entire contract and prevent recovery of any item, where the consideration paid by the insured was a single gross premium and

the policy specifically provides that a breach of the condition shall vitiate the entire contract, as the risk is common and a breach of the condition as to title increases the moral hazard of the risk on the household furniture as much as it does on the dwelling.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on appeal from the City Court of West Frankfort; the Hon. J. P. MOONEYHAM, Judge, presiding.

C. E. FEIRICH, and MOSES PULVERMAN, (TILMAN B. CANTRELL, of counsel,) for plaintiff in error.

J. E. CARR, and GEORGE SAWYER, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This statutory writ of *certiorari* is prosecuted by leave of court to review the judgment of the Appellate Court for the Fourth District affirming the judgment of the city court of West Frankfort for $1800 in favor of defendant in error in his action of assumpsit on a fire insurance policy issued to him by plaintiff in error.

The policy on which this action is based insured for a term of three years from January 4, 1922, against loss or damage by fire, lightning or tornado, to an amount not exceeding $1200, the dwelling house located on lot 6, block 19, in West Frankfort, and to an amount not exceeding $1200 the household furniture contained in said dwelling. A single premium amounting to $34.60 was paid at the time the policy was delivered. Printed on the policy is a condition that "this entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof; or if the interest of the insured in the property be not truly stated herein; * * * or if the interest of the insured be other than unconditional and sole

ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple." March 16, 1921, defendant in error entered into an agreement with D. C. Jones to purchase the real estate described in the policy and agreed to pay $1800 for the property,—$25 in cash and $25 every two weeks thereafter until such time as he could secure a loan for the balance due. At the time the policy was issued he had made payments amounting to $350, which was less than the amount due under his contract. About January 1, 1922, he applied for insurance to J. H. Ghan, a real estate agent in West Frankfort. Ghan made a memorandum of the property to be insured and the amount of insurance wanted and turned it over to J. A .Lewis, the agent of plaintiff in error, who issued the policy. No written application for insurance was made by the insured, no questions were asked the insured regarding his title, and the insured did not disclose the fact that he did not own the real estate described in the policy and made no representation whatever concerning his title. The building and its contents burned two months after the policy was issued. Plaintiff in error refused payment of the claim for loss, and defendant in error filed his declaration basing his action on the policy, which he set out verbatim. Plaintiff in error filed a plea of non-assumpsit, and issue was joined thereon. There are in the record a number of special pleas setting up the defense of want of title in the insured, replications to these pleas, and demurrers to the pleas and replications, but the state of the record renders all these pleadings immaterial to the decision of the case. A trial was had under the general issue and the jury found in favor of the insured.

All matters of defense of want of title in the insured set up in the special pleas were tried under the general issue. Since the parties have tried the case on the theory that all evidence supporting the defense of want of title was properly admissible under the general issue and present the

case here on the same theory we shall so consider it. There being no objection in the trial court or assignment of cross-error in this court questioning the admissibility of this evidence under the issue as formed we do not consider the question.

It is definitely established by decisions of this court that the vendee under an executory contract of sale has neither the legal nor equitable title to the property covered by the contract. (*Budelman* v. *American Ins. Co.* 297 Ill. 222; *National Fire Ins. Co.* v. *Three States Lumber Co.* 217 id. 115; *Phenix Ins. Co.* v. *Caldwell,* 187 id. 73; *Langlois* v. *Stewart,* 156 id. 609; *Chappell* v. *McKnight,* 108 id. 570.) It is also settled that conditions in a policy of fire insurance rendering the policy void if the interest of the insured be other than unconditional and sole ownership or if the subject of insurance be a building on ground not owned by the insured in fee simple are reasonable and valid, and that a breach of such conditions, or either of them, is a bar to a recovery under the policy in the absence of a waiver of the condition or an estoppel which precludes the company from making its defense. (*Crikelair* v. *Citizen's Ins. Co.* 168 Ill. 309; *Hebner* v. *Palatine Ins. Co.* 157 id. 144; *Reaper City Ins. Co.* v. *Brennan,* 58 id. 158.) Unless he has been misled by some act of the insurer, it is generally held that a person who accepts and retains the possession of an insurance policy is bound to know its contents. *Crikelair* v. *Citizen's Ins. Co. supra; In re Millers' and Manufacturers' Ins. Co.* 97 Minn. 98, 106 N. W. 485; *Wierengo* v. *American Fire Ins. Co.* 98 Mich. 621, 57 N. W. 833; *Bostwick* v. *Mutual Life Ins. Co.* 116 Wis. 392, 67 L. R. A. 705.

The conditions of the policy concerning title being valid and the breach thereof being established by the evidence, it is clear, under the authorities, that the insured cannot recover unless there is a waiver or an estoppel. He can not recover on the theory that the insurer has waived the breach of the condition, which would otherwise bar a re-

318—23

covery, unless he produces evidence establishing the fact of waiver.    (*Feder* v. *Midland Casualty Co.* 316 Ill. 552; *Old Colony Life Ins. Co.* v. *Hickman,* 315 id. 304; *Seaback* v. *Metropolitan Life Ins. Co.* 274 id. 516.)    The evidence in this record not only shows that neither the company nor its agent had any knowledge of the condition of the title of defendant in error, but it shows affirmatively that the company has done nothing showing that it has waived or intended to waive any of the conditions of the policy, and that it has done nothing which estops it from making the defense that defendant in error was not the sole and unconditional owner of the property insured or the owner in fee of the land on which the building insured was located.

The only remaining question is whether this policy is severable into as many contracts as there are items insured or whether it is a single and indivisible contract.    The principles governing the interpretation of insurance contracts are the same as those applicable to other contracts.    (*Cottingham* v. *National Mutual Church Ins. Co.* 290 Ill. 26; *Germania Fire Ins. Co.* v. *Schild,* 69 Ohio St. 136, 68 N. E. 706; *Dumas* v. *Northwestern Nat. Ins. Co.* 12 App. D. C. 245, 40 L. R. A. 358.)    Our function is to construe the contract before us and not to make a new one.    The purpose of construing it is to ascertain the intention of the parties as expressed in the writing.    Whether an insurance policy insuring distinct items for different amounts in consideration of a gross premium is to be regarded as entire or severable is a question that has not received the consideration of this court in recent years.    The authorities on the point are so numerous that it would be impracticable to review or even to cite all of them.    There is conflict among the courts of the several States.    Some of the courts have held that where the property insured consists of different items which are separately valued or insured the contract is divisible, and a breach of warranty or condition as to one item will not affect the insurance on the remainder of the

property. (*Coleman* v. *New Orleans Ins. Co.* 49 Ohio St. 310, 31 N. E. 279; *Merrill* v. *Agricultural Ins. Co.* 73 N. Y. 452, 29 Am. Rep. 184; *Phœnix Ins. Co.* v. *Lawrence,* 4 Metc. 9, 81 Am. Dec. 521; *Trabue* v. *Dwelling House Ins. Co.* 121 Mo. 75, 23 L. R. A. 719; *Wright* v. *Fire Ins. Ass'n,* 12 Mont. 474, 19 L. R. A. 211, and note.) Other courts hold that such contracts are entire and that a breach of any condition or warranty vitiates the whole insurance. *In re Millers' and Manufacturers' Ins. Co. supra; Gottsman* v. *Pennsylvania Ins. Co.* 56 Pa. St. 210, 94 Am. Dec. 55; *Essex Savings Bank* v. *Meriden Fire Ins. Co.* 57 Conn. 335, 4 L. R. A. 759; *Southern Fire Ins. Co.* v. *Knight,* 111 Ga. 622, 52 L. R. A. 70; *Joffe* v. *Niagara Fire Ins. Co.* 116 Md. 155, 51 L. R. A. (n. s.) 1047, and note.

After a careful consideration of the cases cited and others dealing with the subject, we think the rule supported by reason and by the great weight of authority is, that where the property is so situated that the risk on one item cannot be affected without affecting the risk on the other items the policy should be regarded as entire and indivisible, but where the property is so situated that the risk on each item is separate and distinct from the others, so that what affects the risk on one item does not affect the risk on the others, the policy should be regarded as severable and divisible. (*Phœnix Ins. Co.* v. *Pickel,* 119 Ind. 155, 21 N. E. 546; *Goorberg* v. *Western Assurance Co.* 150 Cal. 510, 89 Pac. 130; *Republic County Mutual Fire Ins. Co.* v. *Johnson,* 69 Kan. 146, 76 Pac. 419; *McWilliams* v. *Cascade Fire and Marine Ins. Co.* 7 Wash. 48, 34 Pac. 140; *Taylor* v. *Anchor Mutual Fire Ins. Co.* 116 Iowa, 625, 88 N. W. 807; *Relyea* v. *Tomahawk Pulp and Paper Co.* 102 Wis. 301, 78 N. W. 412; *Hartshorne* v. *Agricultural Ins. Co.* 50 N. J. L. 427, 14 Atl. 615; *Hanover Fire Ins. Co.* v. *Crawford,* 121 Ala. 258, 25 So. 912; *Baldwin* v. *Hartford Ins. Co.* 60 N. H. 422, 49 Am. Rep. 324; *McGowan* v. *People's Mutual Fire Ins. Co.* 54 Vt. 211, 41 Am. Rep. 843;

*Ætna Ins. Co.* v. *Resh,* 44 Mich. 55, 38 Am. Rep. 228; *Coggins* v. *Ætna Ins. Co.* 144 N. C. 7, 8 L. R. A.—n. s.—839; *Fisher* v. *Sun Ins. Office,* 74 W. Va. 694, L. R. A. 1915-C, 619; *Hartford Fire Ins. Co.* v. *Walsh,* 54 Ill. 164.) In this case the consideration paid by the insured was a single gross premium, the risk was a common one, the breach of the condition with reference to the title increased the moral hazard of the risk on the household furniture as much as it did on the dwelling containing the furniture, and the policy specifically provided that a breach of the condition should void the entire contract. The contract was indivisible, and the breach of the condition concerning the title to the real estate prevents a recovery on any item of the contract.

The judgments of the Appellate Court and the city court are reversed.                    *Judgments reversed.*