Richard H. Thomas, Jr., Appellee, v. Pullman Trust and Savings Bank et al., Defendants. Appeal of Herman Block, Appellant.

Gen. No. 40,509.

Opinion filed April 26, 1939. Rehearing denied May 8, 1939.

McCarthy & Toomey and Jacob Stagman, all of Chicago, for appellant; Jacob Stagman and James C. O'Brien, Jr., of Chicago, of counsel.

Louis Hershman and Bradburn & Dammann, all of Chicago, for appellee; Louis Hershman, of counsel.

Mr. Justice Burke delivered the opinion of the court.

On April 5, 1934, Albert Blue filed his complaint in the circuit court of Cook county asking for the appointment of a successor trustee under a trust agreement

dated April 22, 1929, between John Blue and John A. Schmidt, and for other relief. On August 31, 1934, Richard H. Thomas, Jr., was appointed successor trustee. On September 8, 1936, he executed a lease to Herman Block for the building known as 4737–39 Prairie Avenue, Chicago, for a term commencing October 1, 1936, and ending September 30, 1939, at a rental of $90 per month for the first year, $100 per month for the second year and $110 per month for the last year. The seventh clause of the lease reads as follows:

"Seventh. On or after October 1, 1937, in the event the described premises should change ownership by reason of sale or otherwise, this lease may be cancelled by lessor upon ninety (90) days' notice in writing to the lessee." The premises contained two 7-room apartments, four 6-room apartments and one 3-room basement apartment. The tenant continued to pay the rent. In September, 1937, plaintiff, as trustee, and Philip Wernick, a bachelor, executed an agreement wherein plaintiff is described as the "seller" and Wernick as the "purchaser." The agreement provides that "if the purchaser shall make the payments and perform the covenants hereinafter mentioned on his part to be made and performed, said seller hereby covenants and agrees to convey or cause to be conveyed to said purchaser, by his Trustee's Deed, all his right, title and interest in and to the following described real estate, . . . subject to existing leases, if any." On September 30, 1937, the trustee caused to be served on the lessee Block a notice in writing as follows:

"Please be advised that the building at the above address has been sold. As per one of the provisions of the lease that you now hold on said property, we are hereby cancelling said lease as of December 31st, 1937. The new owner will take possession on January 1st, 1938.

(Signed) Richard H. Thomas, Jr.,
Trustee, John Blue Trust."

On January 7, 1938, the successor trustee filed a petition in the circuit court of Cook county in the same case in which his appointment had been made, and set up the above facts. The petition also stated that Block had failed and refused to deliver possession of the premises and prayed that the court direct the clerk to issue a writ of assistance directed to the sheriff, commanding him to evict Block and all persons claiming under him. No summons was issued, but one of the attorneys for the plaintiff served a notice on Block on January 5, 1938, that the petition would be presented to the court on January 7, 1938. On January 14, 1938, Block filed his answer. No question was raised as to the regularity of the proceedings. After a trial before the chancellor an order was entered on April 28, 1938, reciting that the cause coming on to be heard on the petition of the successor trustee for writ of assistance, it is ordered that the clerk forthwith issue the writ of assistance. There is no finding such as would ordinarily be made in the trial of a forcible entry and detainer case. The evidence consisted of the documents mentioned. This appeal is prosecuted by Herman Block.

The first point urged is that there was no change of ownership and that hence the trustee did not have the right to terminate the lease. The only evidence as to change of ownership is the contract for a deed. It will be observed that such contract provides that ''if the purchaser shall make the payments and perform the covenants hereinafter mentioned on his part to be made and provided,'' the seller agrees to convey his title, and that such title will be conveyed subject to existing leases, if any. The purchaser was to pay $100 on January 1, 1938, and $100 each month thereafter for 23 consecutive months, and $125 on the first of each and every month thereafter until the purchase price and interest and all other charges were paid. Wernick does not become the owner until the purchase price is

paid. The agreement also requires the purchaser to pay the taxes and to secure insurance, and gives seller the right to cancel and forfeit the agreement if the same is violated.

In the case of *Capps v. National Union Fire Ins. Co.,* 318 Ill. 350, the policy of insurance involved provided that the same should be void if the insured was not the owner. As a matter of fact, he was a contract purchaser as in the instant case. A judgment rendered in favor of the insured in the sum of $1,800, was reversed, and the Supreme Court said:

"It is definitely established by decisions of this court that the vendee under an executory contract of sale has neither the legal nor equitable title to the property covered by the contract. (*Budelman v. American Ins. Co.,* 297 Ill. 222; *National Fire Ins. Co. v. Three States Lumber Co.,* 217 id. 115; *Phenix Ins. Co. v. Caldwell,* 187 id. 73; *Langlois v. Stewart,* 156 id. 609; *Chappell v. McKnight,* 108 id. 570.)"

In deciding the question we, of course, must confine ourselves to the evidence presented, which consists of the lease, contract and notice. There is nothing in the record to indicate that the parties in using the language "in the event the described premises should change ownership by reason of sale or otherwise," intended that the word ownership should convey any unusual meaning. The purchaser Wernick may never become the owner of the property. Hence, we agree with the contention of Herman Block that under the factual situation the purchase contract could not be a basis for the termination of the lease, as the event contemplated, namely, the change of ownership, did not occur. The tenant also maintains that the action, if any lies, should be brought by the person entitled to possession. Finally, he insists that under the terms of clause seven, the notice could not be given until "on or after October 1, 1937." On March 4, 1938, Philip

Wernick, the contract purchaser, filed his petition asking leave to intervene. The record does not show as to what action was taken on this petition. The name of the attorney who appeared for him before the chancellor is noted as of counsel on the appellee's brief.

While the question was not raised by the parties, we do not wish to be understood as approving the practice followed by the parties in filing the petition in this case. Normally, the trustee would file an action in forcible entry and detainer, and the defendant would be served with summons in the usual way. The defendant would then have an opportunity for a trial by jury. Here the parties treated the petition as a part of the original proceeding wherein the successor trustee was appointed, and there was no service of process. The question arises as to what action would have been taken had Block failed to appear in response to the notice served on him by one of the attorneys. It will also be observed that there was no finding in the case. The order merely directs the clerk to issue a writ of assistance.

In view of our finding on the first point urged by appellee, it is unnecessary for us to rule on the second and third points. For the reasons stated, the order of the circuit court of Cook county directing the issuance of a writ of assistance, is reversed.

*Order reversed.*

DENIS E. SULLIVAN, P. J., and HEBEL, J., concur.