## MERCHANTS DESPATCH TRANSP. CORP. v. DUBUQUE FIRE & MARINE INS. CO.

### No. 10610.

United States Court of Appeals Seventh Circuit.

Nov. 20, 1952.

Rehearing Denied Jan. 13, 1953.

Marvin A. Jersild and Lawrence Beers-Jones, Chicago, Ill., for appellant.

Donald N. Clausen, Herbert W. Hirsh and Norman A. Miller, Chicago, Ill., for appellee.

Before DUFFY, FINNEGAN and SWAIM, Circuit Judges.

SWAIM, Circuit Judge.

This is an action to recover for a loss of personal property by fire on a policy of insurance issued by the defendant, Dubuque Fire & Marine Insurance Company, to the plaintiffs, Merchants Despatch Transportation Corporation and Northern Refrigerator Line, Inc. After a trial to the court judgment was rendered for the plaintiffs in the amount of $290.05. From this judgment the plaintiffs appeal.

The fire occurred at the plant of the plaintiffs at their Worcester Yard, Mitchell, Illinois, February 25, 1947. On that date the pertinent provisions of the insurance contract, which was characterized as an Inland Marine Floater Policy, read as follows:

"Does hereby insure Merchants Despatch Transportation Corporation and Northern Refrigerator Line, Inc., * * * against loss or damage as

herein specified, but not otherwise, in the amount of:

"$2,500,000.00 on railroad cars, car bodies and parts thereof, repair tools, materials, equipment, appurtenances and improvements thereof * * * while on or adjacent to tracks of the Assured anywhere within the limits of the United States and Canada, but does not cover cars while located within any buildings comprising the Assured's plant, except for the following amounts and in the following locations:

"$30,000 in Building 16, West Yard of East Rochester, N. Y.

25,000 in Building 1, Cudahy Yard of U. R. L. Cudahy, Wis.

25,000 in Building 14, Yards at 48th & Morgan Sts., Chicago

5,000 in Building located at Parkwater, Washington."

The value of the property destroyed amounted to $13,230.09. It was conceded that all of the property destroyed consisted of items properly includable within the descriptive terms, "railroad cars, car bodies and parts thereof, repair tools, materials, equipment, appurtenances and improvements thereof." It was stipulated that of the amount of the loss, $290.05 represented the value of property "on or adjacent to tracks" but which was not at the time located within any building, and that the defendant was liable therefor. It was further stipulated that $12,940.04 represented the value of property destroyed while located in buildings immediately alongside the tracks, for which loss the defendant denied liability on the ground that this was not covered within the terms of the policy. The defendant apparently concedes, however, that this property did not include any cars.

The District Court concluded, as a matter of law, that:

"Plaintiff's policy of insurance did not cover any property located in any of the buildings in plaintiffs' Worcester Yard at Mitchell, Illinois."

The judgment was thereupon rendered from which this appeal is taken.

The sole question presented by this appeal is a question of law as to the construction properly to be placed on this policy. The crux of the issue is the meaning to be given to the descriptive language limiting the coverage to property "while on or adjacent to tracks of the Assured * * * but does not cover cars while located within any buildings (except in specified locations)."

The plaintiffs contend that the District Court erred in construing the policy to exclude from its coverage property other than cars located inside buildings although such buildings and their contents were adjacent to tracks. It is their theory that all the described property is covered while on or adjacent to tracks, except cars, whether it be in or out of buildings; and that the language "but does not cover cars while located within any buildings" constitutes an exception, withdrawing from the protection of the policy only cars while located in any buildings other than those listed.

The defendant takes the position that, read correctly, the policy first covers all of the described property while located on or adjacent to tracks, but only while located outside of buildings; and that, in addition, protection is extended to cars located within buildings only in the four specified locations.

We find nothing in the policy to sustain the defendant's contention or to support the above quoted finding of the District Court. We agree with the plaintiffs that where the listed property, except cars, is located on or adjacent to tracks, its coverage is not precluded by the fact that it is also within buildings. The plain language of the policy permits no other construction.

The clause in question begins by defining the subject matter of the coverage as: "railroad cars, car bodies and parts thereof, repair tools, materials, equipment, appurtenances and improvements thereof." Then it states that those items are insured "while on or adjacent to tracks of the Assured." Finally, the clause recites: "but does not cover cars while located within any buildings * * * except * * *."

This clause can only be read to cover all of the described property while on or adjacent to tracks, and then to exclude from the coverage of the policy cars which are located in buildings, except those buildings expressly named. The only reference made to buildings is with respect to cars. Nowhere is there any mention of withdrawing coverage on "car bodies and parts thereof, repair tools, materials, equipment, appurtenances and improvements thereof" while they are located within buildings. If it had been the intention to withhold coverage from all property while located within buildings it would have been a simple matter to so frame the language of the policy.

The defendant contends that a reading of the entire policy with its amendments clearly indicates the intention to withhold coverage on any property while contained in any buildings other than those expressly excepted. As originally executed, the insurance contract on December 15, 1944, provided coverage in the amount of $2,300,000.00 under the same terms and conditions as those described above, except that only three buildings were listed wherein cars might be located and still be protected. A further provision, paragraph 4, stated: "This Company shall not be liable for more than $4,000.00 on any one car, nor for more than $100,000.00 in any one place at any one time * * *."

On December 3, 1945, paragraph 4, relating to single loss coverage, was amended, raising to $200,000.00 the limit of liability on *cars* while located at the New York Central Yard at Lyons, New York, on the New York Central side tracks, "but not within buildings."

On April 25, 1946, the policy was again amended by an endorsement increasing the over-all coverage from $2,300,000.00 to $2,500,000.00, and extending protection to cars within buildings by addition of the building located at Parkwater, Washington. Paragraph 4, as amended earlier to increase the liability on *cars* located at Lyons, New York, "but not within buildings," was incorporated in this endorsement.

It is urged that these amendments illustrate the defendant's intention to limit coverage within buildings "to such locations as it regarded as reasonable fire risks," that is, to those specifically listed. This may be true, but in each amendment the restriction of coverage to property outside of buildings was only as to cars. There is no way of construing these amendments, considered either by themselves or with the policy as a whole, to exclude from the protection of the policy property other than cars while located within buildings.

▮▮ It is not disputed that the buildings containing the property destroyed were located immediately alongside the tracks of the assured. The buildings were one-story interconnected buildings which extended for a distance of 191½ feet between and parallel to the tracks. The combined width of the buildings was 29 feet 2 inches. The defendant apparently concedes that the property which was destroyed by fire while in these buildings was near enough to be considered "adjacent" to the tracks so far as the distance was concerned, but says that the "meaning of the word 'adjacent'" is "wholly irrelevant to the real issue"; and that the only question to be considered is whether the policy covered property inside of buildings. The defendant bases this contention on the undisputed statement that "normally railroad tracks are outside of buildings." The defendant, from this fact, then concludes: "Thus, measured by their plain, ordinary and popular sense the words 'while on or adjacent to tracks' used in the policy clearly indicated that the defendant company was insuring plaintiffs' property only while on or adjacent to tracks, *and outside of buildings.*"

We find no merit in this contention. To hold that in this case property "adjacent to tracks" precludes the idea of property within buildings would be to read into the policy a further limitation on the coverage, an additional limitation, which can be accomplished only by the use of additional words. The defendant must have realized this when the additional words were used to secure the additional limitation on cars. The word "adjacent" in a general sense means "lying near" or "neighboring." In Webster's New International Dictionary,

2d Ed., Unabridged, it is stated: "Objects are adjacent when they lie close to each other, but not necessarily in actual contact * * *." The term "adjacent," as ordinarily used, means only a close spatial relationship, a measure of distance.

Moreover, it seems apparent here that the term "adjacent" was used in this, its ordinary, sense. The property insured consisted of railroad refrigerator cars and material and equipment apparently used largely in connection with the repair of those cars. It was contemplated that this property would be moved about from time to time on the premises of the defendant, for the insurance contract was characterized as a floater policy, by its very nature designed to cover items with no fixed location. It was required only that the property be on tracks of the assured, or "adjacent" to tracks. This must be construed to refer to the idea of distance only, and thus not to exclude the possibility that the insured items might be located in buildings within the range of proximity comprehended by that term. Without defining the extent of the area thereby encompassed, we can say that this property, located as it was in these narrow buildings immediately alongside the tracks, was adjacent thereto as that term was employed in the policy.

We are aware, as the defendant contends, that the risk of loss by fire to property located inside buildings may be a greater risk than that respecting property in the open. However, we cannot thereby infer that the language of this insurance policy does not mean what it so clearly says. The contract must be construed according to the intention of the parties as they have expressed it. See Zitnik v. Burik, 395 Ill. 182, 186–87, 69 N.E.2d 888; Moscov v. Mutual Life Ins. Co., 387 Ill. 378, 383, 56 N.E.2d 399; Capps v. National Union Fire Ins. Co., 318 Ill. 350, 354, 149 N.E. 247.

The judgment of the District Court is reversed and the cause is remanded with instructions to enter judgment for the plaintiffs for the full amount of the loss sustained by them, with interest thereon from February 15, 1952.