THE SECURITY INSURANCE COMPANY OF NEW HAVEN

*v.*

CATHERINE KUHN.

*Opinion filed February 17, 1904.*

1. INSURANCE—*when plaintiff holds a title in fee simple for purpose of insurance.* A widow who takes an equitable life estate as devisee and the legal title as executrix and trustee has a fee simple title within the meaning of an insurance policy requiring such ownership, even though the property in her hands, or the proceeds of the insurance, are impressed with a trust which a court of equity may compel her to execute.

2. TRUST—*cestui que trust acquires no property, in law, while trust subsists.* A *cestui que trust* acquires no property, in law, so long as the trust subsists, however he may be regarded in a court of equity.

3. SAME—*title of trustee is commensurate with powers given.* The title of a trustee is commensurate with the powers given, and will consist of a fee simple title if the powers and duties imposed by the will cannot otherwise be exercised.

*Security Ins. Co.* v. *Kuhn,* 108 Ill. App. 1, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. E. W. BURKE, Judge, presiding.

BATES, HARDING & ATKINS, for appellant.

WILLIAM M. & WILLIAM S. JOHNSTON, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellee brought this suit in assumpsit in the circuit court of Cook county upon a policy of fire insurance for $1250, issued to her by appellant on a building located at No. 140 North Union street, in Chicago, which had been destroyed by fire. The policy contained a provision that it should be void "if the interest of the insured be other than unconditional and sole ownership, or if the subject of insurance be a building on ground not owned

by the insured in fee simple." The defense was that the interest of plaintiff in the property insured was not that of unconditional and sole ownership, and that the ground on which the building was situated was not owned by her in fee simple. A jury was waived and the cause was submitted to the court upon an agreed statement of facts, together with the testimony of witnesses called and examined by the respective parties.

Plaintiff held title under the will of her deceased husband, Frank Kuhn, and the nature of her estate being purely a question of law, the defendant submitted written propositions, requesting the court to hold that the plaintiff was not the unconditional and sole owner of the property insured nor the owner in fee simple of the ground on which the building was situated, but, on the contrary, held only a life estate in such property, and upon her death the title was to vest in others, and therefore the policy was void. Another proposition which the court was asked to hold was, that there could be no recovery except for a share of the value of plaintiff's life estate proportionate to the whole insurance on the property. The court refused to hold these propositions as the law, but found the issues for plaintiff and entered judgment for the full amount of the policy. The Appellate Court for the First District affirmed the judgment.

The provisions of the will of plaintiff's husband, Frank Kuhn, under which she derived title, are as follows:

"*Second*—All the rest and remainder of my estate remaining after the payment and discharge of said debts, real estate as well as personal, and mixed estate and property, I give, devise and bequeath to my executors hereinafter named, in trust, however, only to and for the use and purposes hereinafter mentioned. And for the purpose of facilitating the winding up and settlement of my estate and promoting the interest of my devisees, I do hereby fully empower and authorize my said executors, and the survivor of them, to let, sell, exchange,

encumber, convey all, each and every part or portion of my real and personal property, and the proceeds of such sales or other disposition of the same, or any part thereof, again, in their discretion, to re-invest in the purchase of other real or personal estate, or in bonds, stocks or other securities, or to lend the same at interest upon real estate or other securities, as may by them be deemed most advisable, and the property and estate so acquired with such proceeds again to hold under the same restrictions and for the same uses and purposes hereafter particularly set forth, namely: The real and other estate herein above to my said executors given, devised and bequeathed, is to be held by them and the survivor of them in trust: First, to and for the exclusive use and enjoyment thereof, during the term of her natural life of my wife, Katharina, provided she shall so long remain my widow and unmarried, who is to have and retain the exclusive possession, use, enjoyment and control thereof, and shall have the use, enjoy the same and each and every the income, rents, profits and proceeds arising therefrom, as long as she shall remain unmarried after my death, to and for her own use and behoof. Should my said wife, however, marry again after my death, then, upon such re-marrying, the operation of the above provision in her favor shall at once cease and be of no further effect, and she shall thereby become and be entitled only to such dower in my real estate then remaining unsold or undisposed of, and other portion in my other estate, as she would in law be entitled to if I died intestate. Upon the re-marriage or death of my said wife the trust estate hereby created shall at once cease, and the trust property shall thereupon go to and the title to the real estate become vested in my children, as the whole of my estate remaining unconsumed and constituting such trust fund shall be divided equally between them, share and share alike; and if, in the meanwhile, any one or more of my children shall have died, leaving a descend-

ant or descendants, such deceased child's share shall go to his or her issue, descendant or descendants."

By the will the plaintiff and Emil Kuhn, her son, were appointed executors, but Emil Kuhn refused to act and plaintiff qualified and acted as executrix. The will was admitted to probate on June 30, 1890. An agreement was entered into by plaintiff and her children on March 9, 1896, by which the management of the estate was transferred to the Security Title and Trust Company, which was authorized to make leases of the property in the name of the plaintiff, as executrix; to receive all rents, paying out of the same taxes, assessments, insurance and repairs, and to pay the net income to plaintiff. In case of a sale of a portion of the real estate in order to give the plaintiff a comfortable support, the proceeds were to be received by the trust company and invested and the income to be paid to the plaintiff. The title was not affected in any way by the agreement. Plaintiff was advanced in years, and the agreement merely committed the management of the property to the trust company to be exercised in her name.

The object of the stipulation in the policy was to protect the defendant against taking risks beyond the value of the interest insured, so that the insured would use all reasonable precautions to avoid the destruction of the property. It is not claimed that plaintiff did not have an insurable interest in the property, but it is insisted that her interest was only a life estate, which at seventy years of age was but a small share of the whole value. The question whether she had a mere life estate or a fee simple depends upon the construction of the will. That instrument did not give a mere power or authority over the real estate to the executors, but devised the entire estate, real and personal, to them. The devise was in trust, with power to lease, sell, exchange, encumber and convey all, each and every part or portion of the same, and to again, in their discretion, re-invest the proceeds,

or any part thereof, or to lend the same, and to hold the property and estate acquired with such proceeds in trust for the exclusive use and enjoyment of plaintiff, so long as she should remain unmarried after the testator's death. Upon her re-marriage or death the provision in her favor was to cease, and the whole of the estate remaining un-consumed and constituting the trust fund was to be divided equally between the testator's children, and if any one or more of such children should have died, leaving a descendant or descendants, the deceased child's share was to go to his or her issue, descendant or descendants. Emil Kuhn having refused to act as executor and plaintiff having accepted and qualified, the estate devised to the executors passed to her.

The provision of the will that the estate so devised should be held for the exclusive use and enjoyment of the plaintiff during life or until re-marriage, and that she was to have and retain the exclusive possession, use, enjoyment and control thereof, and have the use and enjoy the same and each and every the income, rents, profits and proceeds arising therefrom, if considered alone, would amount to a passive trust, executed by the Statute of Uses. By a prior provision, however, active duties were imposed upon the plaintiff, as executrix, as to the leasing, sale, exchange or other disposition of the property, and the investment, re-investment and management of the trust estate. But the precise character of the trust, in its different aspects, is not material in this case, since the estate for life, of whatever nature, and the estate devised to the executors, united in the same person. The entire legal estate became vested in the plaintiff. If she had an equitable life estate she also had the legal estate, as executrix and trustee. A *cestui que* trust acquires no property, in law, so long as the trust is subsisting, however he may be regarded in a court of equity. His estate is an equitable one, and equitable estates are such as are recognized and pro-

tected in courts of equity, and rest on beneficial owner-
ship and the right to the use and income. The legal right
and legal estate were in the plaintiff, and she would be
the proper one to bring an action at law concerning such
estate. The title of a trustee is commensurate with the
powers given and the duties imposed upon the trustee,
and in this case such powers and duties could not be ex-
ercised unless the plaintiff took a fee simple title. She
could not sell and convey the fee unless she had the fee.
She was not invested with a mere power over the fee,
but took a fee simple title by the devise. (*Kirkland* v.
*Cox,* 94 Ill. 400; *Preachers' Aid Society* v. *England,* 106 id.
125; *Green* v. *Grant,* 143 id. 61; *King* v. *King,* 168 id. 273;
*Lawrence* v. *Lawrence,* 181 id. 248.) There was a future
contingency in the unconsumed portion of the trust prop-
erty existing at the death of the plaintiff, which might
be in the form of real or personal property. That in-
terest was limited upon the death of the plaintiff or the
uncertain event of her re-marriage, and to dubious or un-
certain persons who should be living and able to take
the property at her death. It cannot be known who, if
any, will be the surviving child or children, or the issue
or descendant of any such child, to receive the future
contingent interest. No one has a present vested estate
or insurable interest except the plaintiff. In the action
at law she must be regarded as the sole and uncondi-
tional owner in fee simple, although the property in her
hands or the proceeds of the insurance are impressed
with a trust which a court of equity will compel her to
execute.

There was no error in refusing to hold the proposi-
tions of law as requested.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*