# William Toland, Appellee, v. Hartford Fire Insurance Company, Appellant.

## Gen. No. 8,050.

1. INSURANCE—*what title in insured sufficient under policy.* An insured's action to recover loss under a fire insurance policy cannot be defeated by a policy provision, intended to prevent risks beyond the insured's interest, that the insured must have fee title to the insured property, where plaintiff had received thereon sufficient title for this purpose in a warranty deed from the life tenant of an estate which conveyance was under authority of a will giving discretion therefor.

2. INSURANCE—*effect of immaterial misstatements in proof of loss.* Immaterial misstatements in a sworn proof of loss will not defeat a recovery on a fire insurance policy under a clause in the policy invalidating it in the event of any false swearing by the insured in connection with any matter relating to the insurance or the subject thereof.

Appeal by defendant from the Circuit Court of Pike county; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the October term, 1926. ' Affirmed. Opinion filed February 28, 1927.

CAPPS & WEAVER, for appellant.

WILLIAMS & WILLIAMS, for appellee.

MR. PRESIDING JUSTICE CROW delivered the opinion of the court.

There was trial and judgment for appellee, herein designated plaintiff, against appellant, designated herein as defendant, upon a fire insurance policy. The declaration consists of two counts. The first count declares specially on a fire insurance policy issued to appellee by appellant on the 8th day of April, 1925, alleged to cover the house and barn of appellee and the contents thereof in the principal sum of $4,000. The second is the common counts consolidated. To

this declaration appellant filed the general issue and three special pleas. The first special plea alleges that the policy sued upon among other things provides: "This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto shall be void if the object of insurance be a building on ground not owned by the insured in fee simple." It further alleges that $2,500 of the insurance provided for in said policy was upon buildings not owned by the insured in fee simple, and that it was not otherwise provided by agreement indorsed on said policy or added thereto, and that by the terms of the contract sued upon the policy of the insured became and was void before the commencement of the suit. The second special plea set forth a provision of the policy as follows: "This entire policy shall be void in case of any fraud or false swearing by the insured, touching any matter relating to this insurance or the subject matter thereof, whether before or after a loss." It further alleges that plaintiff executed and submitted to the defendant his written and sworn statement of the property which he claimed was destroyed or damaged by the fire, and in said statement or proof of loss so sworn to by plaintiff there was included certain property which was not destroyed or damaged by said fire, and that in said sworn statement or proof of loss plaintiff did swear falsely as to the property that was destroyed and damaged by said fire, and that therefore the policy of insurance became and was void before the commencement of the suit.

The third special plea sets forth the same clause or contract as the second and avers that after the fire, and before the commencement of this suit, plaintiff executed and submitted to defendant his written and sworn statement of the property which he claimed was lost and damaged by the fire and owned by him and that in the statement or proof of loss so sworn to there

was included certain property not owned by him, and that in said sworn statement plaintiff falsely swore that he owned certain property destroyed and damaged by the said fire and that, by the terms of the contract sued on, said policy of insurance became and was void before the commencement of the suit.

Upon the issues made the cause was tried by a jury which returned a verdict in favor of plaintiff for the sum of $3,750. Defendant's motion for a new trial being overruled, judgment was entered on the verdict for damages and costs.

The policy of insurance was issued on the 8th day of April, 1925. Plaintiff did not reside on the premises at the time but resided with his mother nearby. Plaintiff had lived in the house three or four weeks before the fire which occurred July 6, 1925. It is not denied that the policy was issued nor that the fire occurred and burned the property claimed to have been lost. Two questions only are raised by the brief as grounds for reversal of the judgment.

The first is that the land on which the residence and barn were located was not owned by plaintiff in fee simple. The case of *Capps v. National Union Fire Ins. Co.,* 318 Ill. 350, is relied on. That case, following others in this State, holds that the provision will defeat a recovery on the policy for loss if the subject of insurance be a building on ground not owned by the insured in fee simple, if the condition is in the contract of insurance. (*Crikelair v. Citizens' Ins. Co.,* 168 Ill. 309; *Hebner v. Palatine Ins. Co.,* 157 Ill. 144; *Reaper City Ins. Co. v. Brennan,* 58 Ill. 158.) In the *Capps* case, the insured was in possession under a contract to purchase the land, paying instalments. He had not kept up the instalments and had no deed to the land on which the insured property was located.

In this case the land on which the buildings were located was conveyed to plaintiff by Anna J. White by a statutory warranty deed dated November 7, 1921,

duly acknowledged and recorded. The consideration was $4,500. After the description and preceding the clause releasing and waiving all rights under the Homestead Exemption Act are the words: "This deed is given under the power of sale as shown by the will of Mark White, deceased; said will having been admitted to probate on the tenth day of June A. D. 1920." The deed having been put in evidence by plaintiff, defendant offered and the court received, over the objection of plaintiff, the will of Mark White, the second clause of which follows:

"I devise and bequeath to my beloved wife, Anna J. White all the property, both real and personal, including choses in action, that I may die the owner of to have and to hold during her natural life, I hereby authorize and empower my wife, Anna J. White, to sell and dispose of any part or all of said personal property and real estate if it shall become necessary for her support and maintenance hereby authorizing my said wife Anna J. White to make and execute deeds conveying said real estate. I also authorize and empower my wife, Anna J. White in addition to the power herein given to sell real estate for her support to also, if she shall deem best to make a donation to any charitable or religious institution, full authority is hereby given to make such donation out of the proceeds of the sale of any property herein devised to her and full authority given to execute deeds to raise fund for such donation and full power and authority * * * is hereby given during her lifetime that she may designate in her last will and testament the amount of said donation and out of what property or funds the same shall be paid."

The third clause, so far as now pertinent, provides:

"Whatever real or personal property shall remain at the death of my wife and after the payment of the donation herein provided for, if one should be made, shall vest in my father and mother, my brothers and

sisters, and my wife's father and mother, brothers and sisters in equal parts and if a brother or sister shall die leaving a child or children such child or children shall take the part of such deceased brother or sister.''

Viewing the clause now before us in the light of its purpose in such contracts, plaintiff was not required to prove an indefeasible title deducible of record, or through possession protected by statutes of limitation as in ejectment cases. ''The words 'owned in fee simple,' 'title in fee simple,' 'absolute title,' or 'absolute title in fee simple,' refer not to the nature of the title, whether legal or equitable, but to the nature of the ownership; they do not import that insured can show an indefeasible title, free from defects and good against all persons, or even a valid legal title at all, and an outstanding naked legal title, or defects in the title or title deeds of the insured, if he claims under a deed or other evidence of title purporting to invest him with an estate in fee simple, do not constitute a breach or avoid the insurance where the policy is conditioned on any of these statements.'' 26 C. J. 173, § 209. *Security Ins. Co. of New Haven v. Kuhn,* 207 Ill. 166, is referred to. That case is like this in many respects, containing the clause now under consideration. By the will Mrs. Kuhn and her son were appointed executors. He declining to act, she qualified and acted. Property committed by the will to her as executrix and trustee was insured in her name and was burned. In an action on the policy in her name, the objection now made to the right of recovery was interposed, and held without merit. Among other reasons for holding that for insurance purposes the fee was in her, it is said (171):

''The legal right and legal estate were in the plaintiff, and she would be the proper one to bring an action at law concerning such estate. * * * She could not sell and convey the fee unless she had the fee.

She was not vested with a mere power over the fee, but took a fee simple title by the devise. * * * No one has a present vested estate or insurable interest except the plaintiff. In the action at law she must be regarded as the sole and unconditional owner in fee simple.''

The doctrine of that case is applicable to this. The devise was to Anna J. White for life with a power to ''sell and dispose of any part or all'' of the real estate with authority to make and execute deeds conveying it for any or all of the uses and purposes in the will specified. He contemplated conveyances in fee simple, for only by such conveyances could his intention be carried out. She was not restricted in selling. Her discretion alone was to control her. When she executed the deed to plaintiff for valuable consideration she vested in him a fee simple title. Plaintiff had all the title the insurance company was interested in his having. The object of the stipulation in the policy was to proctect the defendant against taking risks beyond the value of the interest insured so that the insured would use all reasonable precautions to avoid the destruction of the property. *Security Ins. Co. of New Haven v. Kuhn, supra,* 169. The defense relied on is without merit.

The other point in the brief of appellant is that false statements in verified proof of loss were made and that the policy was thereby rendered void. There was no material variance so far as the record discloses between the affidavit and the facts.

Reversible error not appearing the judgment of the circuit court is affirmed.

*Affirmed.*