(No. 23237.—

M. D. POLLOCK, Appellant, *vs.* THE CONNECTICUT FIRE INSURANCE COMPANY OF HARTFORD, Appellee.

*Opinion filed December 19, 1935—Rehearing denied Feb. 6, 1936.*

REDMON, REDMON & BODMAN, for appellant.

MYERS & SNERLY and CHARLES F. EVANS, for appellee.

Mr. JUSTICE SHAW delivered the opinion of the court:

M. D. Pollock and his wife, Emma Miles Pollock, as joint tenants, owned certain real estate in Decatur which was improved with a dwelling house and occupied by them as a homestead. Title in joint tenancy had been acquired by them by warranty deed December 27, 1922, and that

title continued during all of the times herein referred to. In 1927 Pollock obtained a policy of insurance from the appellee, covering, among other hazards, loss or damage by lightning. The record is silent as to anything concerning the issuance of this policy. In October of 1930 a renewal of this policy for a new and extended term was mailed to the appellant, received by him and later paid for. The loss which is the subject matter of this suit is claimed to have occurred on May 20, 1933, within the term of the policy, and to have been caused by lightning. It was admitted on the trial that there was other insurance on the risk, so that the appellee's liability, if any, was two-thirds of the actual loss. A suit was started in the circuit court of Macon county upon this policy, which resulted in a verdict for the plaintiff in the sum of $1140.77. On motion of the appellee for judgment notwithstanding the verdict, a final judgment for the defendant (appellee) was entered, and on appeal to the Appellate Court for the Third District this judgment has been affirmed. The cause comes here for further review on a certificate of importance from the Appellate Court.

The question for determination, and which is decisive of the litigation, is the validity, applicability and enforceability of the following clauses in the policy: "This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void * * * if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple. * * * This entire policy shall be void if the insured has concealed or misrepresented in writing or otherwise any material fact or circumstance concerning this insurance or the subject thereof; or if the interest of the insured in the property be not truly stated herein."

Other questions have been raised during the course of the litigation, but they are either determined, so far as

this court is concerned, by the verdict of the jury, the rules of law limiting our review or by a failure to argue, thus waiving them. Thus, it is determined that the loss actually resulted from lightning, there being evidence to sustain that fact. It is determined that there was no actual knowledge on the part of the insurer prior to the issuance of the policy as to the condition of the title, there being no affirmative evidence on that point. A further question raised in and determined by the Appellate Court as to a return of the premium paid is not argued in the briefs in this court and is therefore waived. We are thus limited to a determination of the legal effect of the clauses quoted, it being shown by the evidence and admitted by stipulation that the title to the property was at all times as above stated.

The appellant's argument is not divided into paragraphs but in substance his contentions are as follows: That the provision as to sole and unconditional ownership was waived because the policy was·issued without asking any questions and without any representations being made; that the appellant must be presumed to have known the condition of the title because the appellant's wife occupied the premises with him and the deed was on record, and because of the four unities which are characteristic of joint tenancies—those of time, title, interest and possession—it being urged that each joint tenant has the entire title, interest and possession of the premises subject to the rights of the other joint tenants. It is not urged, however, that such title is sole and unconditional.

Some of the cases relied upon by the appellant were reviewed by this court in *Fray* v. *National Fire Ins. Co.* 341 Ill. 431, in which it was held that a trustee who held the legal title was the sole and unconditional owner of the property for the purpose of insurance even though he had no personal interest in the proceeds of the policy. In that case *Security Ins. Co.* v. *Kuhn,* 207 Ill. 166, *Budelman* v. *American Ins. Co.* 297 id. 222, and *National Fire Ins. Co.*

v. *Lumber Co.* 217 id. 115, are discussed on page 437 of the opinion. It was there pointed out that in the *Security Ins. Co. case,* while the insured was only a life tenant of the property insured she was also a trustee under the will, holding the fee subject to nothing more than contingent remainders. It was further pointed out that in the cases of *Budelman* v. *American Ins. Co. supra,* and *National Fire Ins. Co.* v. *Lumber Co.* the holding was to the effect that the owner's title was not so far impaired as to violate the insurance clause because of an outstanding and unperformed executory contract for sale.

The appellant refers to and quotes language from several other cases but without stating the facts from which the opinions arose. One of these is *Commercial Ins. Co.* v. *Ives,* 56 Ill. 402. In that case an agent for the company, without any communication from the assured, made out an application for the insurance and signed the insured's name to it. It is not in point. Another case is *Lycoming Fire Ins. Co.* v. *Jackson,* 83 Ill. 302, and was decided upon similar facts. The application was not signed by the insured but by an agent of the company. In *Traders Ins. Co.* v. *Pacaud,* 150 Ill. 245, the suit was brought by the Pacaud firm under a policy which contained the recital, "Loss, if any, payable to A. L. Pacaud & Co. as interest may appear." The policy was issued on its application and premium paid by it, and the property covered was grain in an elevator operated by John H. Million and John A. Bott. Defense was, in part, based upon a theory that the grain was owned by Million & Bott, was in their elevator and that they had some title or interest in it. It was held that although the policy was issued to J. H. Million, the loss clause above quoted, together with the fact that the plaintiff applied for and paid the premium on the policy, gave the plaintiff clear right of action. The case of *German Ins. Co.* v. *Gibe,* 162 Ill. 251, is also relied on by the appellant. In that case Jacob T. Gibe, while the owner of

certain property, took out insurance on it, the policy containing, among others, the clauses here in question. Thereafter Jacob T. Gibe conveyed the property by warranty deed to Adam Gibe and received back a bond to re-convey. After the fire Adam Gibe re-conveyed to the insured. It was proved on the trial that these transfers were made to permit Adam Gibe to try to secure a loan on the property with which to pay off an existing mortgage, but that no money was ever obtained and that no title ever actually passed by the deed in question. We held that the transactions amounted to nothing more than a futile attempt to raise money and that no change had taken place in title or possession. The case holds no more than that.

Cooley states the law applicable to this particular clause in insurance policies in the following language: "In a series of well-considered cases, the rule has been conceived to be that, if the policy provides that it shall be void if the ownership is not absolute in fee simple, or sole and unconditional, or if the interest is not truly stated, a disclosure of the true state of the title is absolutely necessary." (3 Cooley on Insurance, (2d ed.) p. 2125.) The rule as thus stated is supported by many authorities and is sufficiently well established to make it unnecessary for us to attempt to review all of them.

It was long ago settled in the Federal courts that stipulations in insurance policies either exactly the same as or similar to the one under consideration were valid and enforcible. Thus, in the old case of *Columbian Ins. Co. of Alexandria* v. *Lawrence*, 2 Pet. 25, 7 L. ed. 335, the Supreme Court of the United States said: "Generally speaking, insurances against fire are made in the confidence that the assured will use all the precautions to avoid the calamity insured against, which would be suggested by his interest. The extent of this interest must always influence the underwriter in taking or rejecting the risk, and in estimating the premium. So far as it may influence him in these respects,

it ought to be communicated to him. Underwriters do not rely so much upon the principles as on the interest of the assured; and it would seem, therefore, to be always material that they should know how far this interest is engaged in guarding the property from loss. Marshall, in treating on insurance against fire (p. 789, b. 4, ch. 2,) says: 'It is not necessary, however, in order to constitute an insurable interest, that the insured shall in every instance have the absolute and unqualified property of the effects insured. A trustee, a mortgagee, a reversioner, a factor or agent, with the custody of goods to be sold upon commission, may insure; but with this caution that the nature of the property be distinctly specified.' " In the case of *Boston Ins. Co.* v. *Hudson*, 11 Fed. (2d) 961, the Circuit Court of Appeals for the ninth circuit held the rule to be well settled that stipulations contained in the policy which we are considering are valid and enforceable and that the breach of such a stipulation is a complete defense to an action on the policy. The same rule was followed in *Fidelity Union Fire Ins. Co.* v. *Kelleher*, 13 Fed. (2d) 745, *Syndicate Ins. Co.* v. *Bohn*, 65 Fed. 165, and *Rochester German Ins. Co.* v. *Schmidt*, 162 id. 477. In the case last cited the facts were very similar to the one at bar. The insured, Schmidt, had deeded the property in question to his wife and she had died several years before the insurance was effected, the title thereupon descending one-third to Schmidt and two-thirds to his five daughters. He had originally paid for the property, had always paid the taxes on it, had placed the improvements on it at his own expense, and with the consent of his daughters had always treated it as his own. There was, as in this case, no written application for the insurance and the insured had made no representations with regard to the title to the land. The conditions of the policy were identical with those before us. The court said: "We think that the weight of authority is that, when a policy contains this language, it is made an

express condition of the validity of the policy," etc. The opinion then reviews several cases, including *Schroedel* v. *Humboldt Fire Ins. Co.* 158 Pa. 459, 27 Atl. 1077, in which the policy provision was enforced and in which the plaintiff and his wife were joint tenants, as in this case, and continued: "For the reason that the title of Frederick Schmidt did not gratify the express condition upon which the policy was granted, the policy never took effect, and we have no right to consider, under the circumstances of this case, whether or not the disclosure of the real title would have affected the risk or the rate of premium." These cases represent what we believe to be the well defined weight of authority, and we find them, on examination, to be in complete accord with the rule established in this State.

In the early case of *Reaper City Ins. Co.* v. *Brennan,* 58 Ill. 158, the policy provided that it should be void if the interest of the assured be other than "the entire, unconditional and sole ownership of the property," etc. At the time the policy was issued the property had been sold on execution under a judgment but the time for redemption had not expired. The company defended under the foregoing clause. Mr. Chief Justice Lawrence, speaking for the court, said: "We must hold this defense valid. It cannot truthfully be said that the assured had, at the date of the insurance, 'the entire, unconditional and sole ownership of the property.'"

In the case of *Capps* v. *National Union Fire Ins. Co.* 318 Ill. 350, the enforceability of the ownership clause was again before this court. The plaintiff in that case was in possession of the property under a contract to purchase it, upon which he had made some payments but to which he had no other title. As in this case, there was no written application for the insurance, no questions as to title asked and no disclosure as to title made by the insured. In holding the insurance unenforceable we said: "It is definitely established by decisions of this court that the vendee under

an executory contract of sale has neither the legal nor equitable title to the property covered by the contract. (*Budelman* v. *American Ins. Co.* 297 Ill. 222; *National Fire Ins. Co.* v. *Three States Lumber Co.* 217 id. 115; *Phenix Ins. Co.* v. *Caldwell,* 187 id. 73; *Langlois* v. *Stewart,* 156 id. 609; *Chappell* v. *McKnight,* 108 id. 570.) It is also settled that conditions in a policy of fire insurance rendering the policy void if the interest of the insured be other than unconditional and sole ownership or if the subject of insurance be a building on ground not owned by the insured in fee simple are reasonable and valid, and that a breach of such conditions, or either of them, is a bar to a recovery under the policy in the absence of a waiver of the condition or an estoppel which precludes the company from making its defense. (*Crikelair* v. *Citizen's Ins. Co.* 168 Ill. 309; *Hebner* v. *Palatine Ins. Co.* 157 id. 144; *Reaper City Ins. Co.* v. *Brennan,* 58 id. 158.) Unless he has been misled by some act of the insurer, it is generally held that a person who accepts and retains the possession of an insurance policy is bound to know its contents. (*Crikelair* v. *Citizen's Ins. Co. supra; In re Millers' and Manufacturers' Ins. Co.* 97 Minn. 98, 106 N. W. 485; *Wierengo* v. *American Fire Ins. Co.* 98 Mich. 621, 57 N. W. 833; *Bostwick* v. *Mutual Life Ins. Co.* 116 Wis. 392, 67 L. R. A. 705.) The conditions of the policy concerning title being valid and the breach thereof being established by the evidence, it is clear, under the authorities, that the insured cannot recover unless there is a waiver or an estoppel. He cannot recover on the theory that the insurer has waived the breach of the condition, which would otherwise bar a recovery, unless he produces evidence establishing the fact of waiver. (*Feder* v. *Midland Casualty Co.* 316 Ill. 552; *Old Colony Life Ins. Co.* v. *Hickman,* 315 id. 304; *Seaback* v. *Metropolitan Life Ins. Co.* 274 id. 516.) The evidence in this record not only shows that neither the company nor its agent had any

knowledge of the condition of the title of defendant in error, but it shows affirmatively that the company has done nothing showing that it has waived or intended to waive any of the conditions of the policy, and that it has done nothing which estops it from making the defense that defendant in error was not the sole and unconditional owner of the property insured or the owner in fee of the land on which the building insured was located."

We consider it unnecessary to attempt a review of all the decided cases which involve the point in question. Any such effort would disclose some division of authority, and in some of our own cases language will be found which might indicate a view different than we have arrived· at if that language be disassociated from the facts in the case in which it occurs. As pointed out above, however, the facts in those cases were different from the facts in the case at bar. We consider the present case to be governed and controlled by what we said in the *Capps case, supra,* and we can find no occasion for re-considering or departing from our language and holding in that case.

The appellant's further contentions are also without merit. It is true, as urged, that the appellant had an insurable interest in the property. He made no attempt, however, to insure that interest nor was any such case pleaded or tried. The plaintiffs in the *Capps case* and the *Brennan case* had insurable interests had they sought to insure that particular risk, but the policies were nevertheless void. Neither can it be held that the·recording of the deed was any notice to the insurance company. Section 31 of chapter 30 (Cahill's Stat. 1933, p. 695,) makes the filing and recording of certain instruments notice to creditors and subsequent purchasers without notice, but it cannot be extended beyond its limits. The public record of encumbrances and other instruments affecting an insured's title will not charge an insurer with notice of such matters. (5 Cooley's Briefs on Insurance, (2d ed.) p. 4092; 26

322

Corpus Juris. 296; 23 R. C. L. 211; *Railey* v. *Citizens Ins. Co. of New Jersey,* 256 Ky. 838, 77 S. W. (2d) 420; *Hart* v. *Home Mutual Insurance Ass'n,* 208 Iowa, 1030, 226 N. W. 781; *Orient Ins. Co.* v. *Williamson,* 98 Ga. 464, 25 S. E. 560.) The same rule has been announced in many other cases and is said in Ruling Case Law to be universal. The rule is as stated in the case of *Orient Ins. Co.* v. *Williamson, supra,* that where an insurance company issues a policy with knowledge of the true state of the title it is bound by such knowledge, but the knowledge referred to must be actual and not constructive.

For the reasons indicated, we are satisfied that the trial court and Appellate Court arrived at correct judgments, and the judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*