G. R. Stallings, Appellee, v. Fidelity-Phenix Fire Insurance Company of New York, Appellant.

Opinion filed June 14, 1940.

CHARLES T. FLOTA, of Harrisburg, for appellant.

ENDICOTT & ENDICOTT, of Carmi, for appellee.

MR. JUSTICE DADY delivered the opinion of the court.
Plaintiff, G. R. Stallings, on February 14, 1938, purchased a used Ford automobile from the Keck Motor Company of Mt. Vernon, Indiana. He turned in another automobile as part-payment, and to evidence the balance of the purchase price gave the seller two notes aggregating $500, signed by himself and his wife. Each note recited that it was given for the purchase money of the Ford car, and that it was agreed and understood between the payee (Keck Motor Company) and the makers of the notes that title did not pass from the payee to the makers until the principal and interest were paid in full. These notes have not been paid.

On the same day plaintiff applied to the State of Illinois for a certificate of title covering the car. His written application stated "This vehicle is subject to the following lien: Amount $500.00 Kind of Lien Conditional Sale In favor of Keck Motor Co. Mt. Vernon, Indiana." Thereafter, a certificate of title covering the car was issued to the plaintiff reciting the existence of the conditional sale lien as set forth in his application.

On February 16, 1938, plaintiff took out an insurance policy from the defendant, Fidelity-Phenix Fire Insurance Company of New York, on the car for a period of one year to cover fire loss. The policy provided:

"D. *Warranty by Assured.*

" . . .

"6. The automobile described is fully paid for by the Assured and there is no Lien, Mortgage or other Encumbrance thereon, except as follows: No Exceptions.

"E. *This policy is made and accepted subject to the provisions, exclusions, conditions and warranties set forth herein or endorsed hereon,* and upon acceptance of this policy the Assured agrees that its terms embody all agreements then existing between himself and this Company or any of its agents relating to the insurance described herein, . . . . This policy shall be void in event of violation by the Assured of any agreement, condition or warranty contained herein or in any rider now or hereafter attached hereto.

"*General Conditions.*

" . . .

"Lien or Encumbrance.

"Unless otherwise provided by agreement in writing added hereto, and except as to any lien, mortgage, or other encumbrance specifically set forth and described in Paragraph D of this policy, this Company shall not be liable for loss or damage to any property insured

hereunder while subject to any lien, mortgage or other encumbrance.

"Title and Ownership.

"Except as to any lien, mortgage, or other encumbrance specifically set forth and described in Paragraph D of this policy, this entire policy shall be void, unless otherwise provided by agreement in writing added hereto, if the interest of the Assured in the subject of this insurance be or become other than unconditional and sole lawful ownership, ..."

On August 2, 1938, the automobile was destroyed by fire. Plaintiff duly notified defendant of the loss. On September 14, 1938, the Keck Motor Company wrote to the defendant calling attention to the fire loss on the car and advising defendant that such company held a lien on the car in the amount of $500 and requesting to be advised of any settlement. Payment of the claim was refused and defendant tendered plaintiff the premium of $4.75, which tender has been kept good.

Plaintiff brought this suit to recover under the policy. Defendant's answer set up as a defense a breach of the foregoing provisions in the policy in that (1), as warranted, the insured car was not fully paid for by the insured, and was not free of any lien, mortgage or other encumbrance thereon; (2) and plaintiff was not, as stated, the unconditional and sole owner of the insured car but that title remained at all times in the Keck Motor Company. No reply was filed by plaintiff. The court tried the cause without a jury and entered a judgment for plaintiff in the amount of $450. Defendant appeals.

The question presented for decision is whether under the facts stated the defense pleaded by the defendant is a bar to recovery under the policy.

The policy states the unequivocal condition that if the ownership of plaintiff's car is other than sole and unconditional it shall be void. This condition is one

precedent to any right of recovery by the insured under the policy. Its fulfilment is a necessary prerequisite to the validity and hence to the operative effect of the policy. (*Ballard v. Globe & Rutgers Fire Ins. Co. of N. Y.*, 237 Mass. 34, 129 N. E. 290.) It is settled that such a condition in a policy of fire insurance rendering the policy void if the interest of the insured be other than unconditional and sole ownership, is reasonable and valid, and that a breach of such condition is a bar to recovery on the policy in the absence of a waiver of the condition or of an estoppel which precludes the company from making its defense. (*Pollock v. Connecticut Fire Ins. Co. of Hartford*, 362 Ill. 313; *Schmieg v. Travelers Fire Ins. Co.*, 290 Ill. App. 614 [Abst].)

The fact that plaintiff bought the automobile under a conditional sales agreement by which title was reserved in the vendor until the two notes aggregating $500 were paid is clearly established by the evidence. Some effort was made to throw doubt on this fact at the trial when the plaintiff testified that he didn't know whether the title was kept and held by the sellers or not. But such testimony is of no evidentiary value when considered in the light of the notes signed by the plaintiff and his wife which stated the sale was a conditional one, and when it appears that plaintiff signed a written application for a certificate of title and therein stated, under oath, that his car was subject to a conditional sales lien in favor of the Keck Motor Company in the amount of $500. Furthermore, plaintiff failed to file a reply denying, as alleged in the answer, that the Keck Motor Company held title to the car. The officers of the seller who testified for the plaintiff said they understood title to the car was retained until paid for and that the seller had the right to repossess the car in the event payment was not made.

We hold that the plaintiff as such purchaser under a conditional sales contract was not the unconditional and sole owner of the insured car within the meaning

of the quoted provisions of the policy. The breach of these provisions rendered the policy void. (*Schmieg v. Travelers Fire Ins. Co., supra; Pollock v. Connecticut Fire Ins. Co. of Hartford, supra; Hudson Casualty Ins. Co. v. Garfinkel,* 111 N. J. Eq. 70, 161 Atl. 195; *Ballard v. Globe & Rutgers Fire Ins. Co. of N. Y., supra.*)

No waiver of the breach of the condition and warranty as to ownership was pleaded or asserted by the plaintiff. It does not appear that the company or any of its agents had any knowledge of the condition of the plaintiff's title to the car at the time the policy was issued, or at any time thereafter, and no circumstance was shown indicating a waiver or intention to waive by the company of any of the provisions of the policy. It is true as urged that the plaintiff had an insurable interest in the property. He made no attempt, however, to insure that interest. (*Pollock v. Connecticut Fire Ins. Co. of Hartford, supra.*)

Plaintiff attaches importance to the fact that there was no written application for the policy and contends that by reason of the lack of such application the quoted provisions in the policy were the statements of the insurer and not of the insured. There is no merit to this contention for these provisions were part and parcel of the contract between the parties and were binding on plaintiff and defendant. A person who accepts and retains the possession of an insurance policy is bound to know its contents. (*Pollock v. Connecticut Fire Ins. Co. of Hartford,* 362 Ill. 313.)

Defendant's defense was a complete bar to a recovery and the judgment of the circuit court of Gallatin county is reversed.

*Reversed.*