**Charles GRIDER and Mary K. Grider, Plaintiffs-Appellants,**

**v.**

**TWIN CITY FIRE INSURANCE COMPANY, a corporation; Fireman's Fund Insurance Company, a corporation; and Westchester Fire Insurance Company, a corporation, Defendants-Respondents.**

**Nos. 32793, 32794.**

St. Louis Court of Appeals.

Missouri.

March 19, 1968.

insurance companies. The actions all involved fire losses that arose out of the same fire. By agreement of parties the cases were consolidated for trial. Two of the suits were for the loss of a dwelling house. One of these two was against Twin City Fire Insurance Company and the other against Fireman's Fund Insurance Company. The third suit was against Westchester Fire Insurance Company on a claim for fire damage to furniture and property within the dwelling. The trial was to a jury. There was a verdict and judgment against Twin City Fire Insurance Company for $3,500, a judgment for a like amount against Fireman's Fund Insurance Company. Both of these defendants were insurers of the dwelling. There was also a verdict and judgment against Westchester, the insurer of the personal property, in the sum of $2,600.

The plaintiffs moved to set aside the judgments and verdict on the grounds that they were inadequate and requested the court to enter judgment for $7,112.59 against each of the insurers of the dwelling and a judgment of $5,000 against Westchester, or in the alternative to grant plaintiffs a new trial "as to the amount of recovery" only. Plaintiffs' motion was overruled. Twin City Fire Insurance Company and Fireman's Fund Insurance Company, the dwelling insurers, moved for a judgment in accordance with their motion for a directed verdict. The court sustained the motion of these two defendants and entered a judgment in their favor. The plaintiffs prosecute this appeal.

Granville L. Gamblin, Clayton, Earl L. Davis, St. Louis, Dorman L. Steelman, Salem, for plaintiffs-appellants.

J. H. Cunningham, Jr., Wilson, Cuningham & McClellan, St. Louis, Levin & Upton, Chicago, Ill., for defendants-respondents.

WOLFE, Judge.

This appeal concerns three separate suits that were brought against three different insurers. The insured property was located in Centerville, Illinois, a town adjoining East St. Louis. The policies were written in East St. Louis, Illinois. Plaintiffs Charles Grider and Mary K. Grider purchased the lot, upon which the insured dwelling was later built, as joint tenants, in 1954. On August 21, 1962, Charles Grider gave a quitclaim deed to his wife, Mary K. Grider. She accepted the deed and it was recorded in October, 1962. On September 15, 1962, twenty-five days after deeding the property to his wife, Grider applied for and there were is-

sued to him as the only named insured, the two policies of insurance on the house: one by the Twin City Fire Insurance Company and the other by Fireman's Fund Insurance Company. Each was for $7,500 and both were issued by the same agent. The same agent had issued in 1960 a policy for the Westchester Fire Insurance Company on the contents of the dwelling for a term of five years. This policy was also issued to Charles Grider as the only named insured.

Charles Grider left his home in Centerville, Illinois, around the first of May, 1963. He had contracted to buy a place near Van Buren, Missouri. He was trying to sell the home in Illinois. He stayed in the place that he had contracted to buy in Missouri but his wife and son remained in Centerville, Illinois. On May 31, 1963, Mary K. Grider had gone with her son to a drive-in picture show and upon returning home and near her house she saw that a house was burning. She stopped in a neighbor's house and had some coffee. She testified that while she was there she heard that it was her house that was burning. The house had been set on fire by James Grider, a brother of her husband.

The day after the fire Mrs. Grider went to her sister's home with her son as her sister had room in her basement to accommodate them. James Grider came to see her at her sister's house the evening following the fire, and according to Mrs. Grider's testimony he said that Charles Grider owed him $200 and he wanted her to give it to him. She testified that he said: "If you don't pay me the money your husband owes me I will say you hired me to set the fire." She gave him a check for $200.

Plaintiff Charles Grider returned to Illinois from his new home in Missouri as soon as he could after the fire and stayed for about an hour. He then went back to Missouri and did not return to Illinois again until some time in August when he got word that the fire marshal wanted to talk to him. He submitted to a lie detector test and was questioned about the fire. He was told that

he was in the clear. Mary Grider who was never given a lie detector test said she was willing to take one. James Grider was later indicted by a grand jury charging that he committed the offense of arson "in that he, by means of fire, knowingly damaged a building of Charles H. Grider and Mary Katherine Grider, with intent to defraud the insurer of said building." He pleaded guilty and was sentenced to prison for a term of six years.

As to the value of the personal property lost, Mrs. Grider testified at some length about various items burned. Some were book shelves made by her son, some were items purchased secondhand, and she attempted to put a value on some of them but concluded her testimony with the statement that she "imagined" the value of the items lost was "around between $7,000 and $8,000." The witness testified that her daughter had taken her clothing out of the house about two weeks before the fire. Grider testified that he had taken some of his clothing and tools to Missouri about a month before the fire. Grider attempted to get into evidence testimony that there was an oral agreement between himself and his wife that she would re-convey the property to him at any time he requested it. An objection was made to the offer of proof and the objection was sustained.

In August, Charles Grider filed a proof of loss with the agent for the three companies and checks for the payment of the loss were sent to the agent but the agent was later directed not to deliver the checks. The three suits here considered followed. The defendants paid into court the premiums paid under the policies and denied liability on the grounds of arson and on the further grounds that plaintiff Grider, the only named insured, had no insurable interest.

■ The parties here both recognize the general rule that the law of the state where the contract was made will be applied to determine its validity by the state where the action is brought. Here the contract was made in Illinois and the issue before us

is one of substance and not of remedy. The law of Illinois therefore governs. Auffenberg Lincoln-Mercury, Inc. v. Wallace, Mo. App., 318 S.W.2d 528, 1.c. 532.

The appellants concede that Illinois follows the general rule that in the absence of an insurable interest a fire insurance contract is invalid and void but they rest their charge of error on the theory that Grider had an insurable interest despite the fact that he had divested himself of title prior to taking out the insurance. They predicate this on the fact that Grider made an offer of proof that an agreement existed between him and his wife that she would deed the property back to him. We are cited to Pollock v. Connecticut Fire Ins. Co. of Hartford, 362 Ill. 313, 199 N.E. 816. This case is in no way relevant to the facts before us as it deals solely with the construction of an insurance policy. We are also cited to Larmon v. Knight, 140 Ill. 232, 30 N.E. 318; Kester v. Crilly, 405 Ill. 425, 91 N.E.2d 419; Suchy v. Hajicek, 364 Ill. 502, 4 N.E.2d 836. These cases do not support the theory advanced because they deal with constructive trusts that arise when the grantee, in confidential relationship with the grantor, dominates the grantor and obtains a deed by reason of that dominant relationship. No such situation here prevails or is contended for.

The appellants assert no other insurable interest held by Grider in the insured property and it appears that no legal interest existed. Patterson v. Durand Farmers Mut. Fire Ins. Co., 303 Ill.App. 128, 24 N.E.2d 740. We conclude that the court properly set aside the verdict and entered a judgment for the two insurers of the dwelling.

It is also contended that the court erred in overruling appellants' motion to set aside the verdict of the jury and the judgment entered upon it, against the Westchester Insurance Company in the sum of $2,600 and to enter a new judgment in their favor for $5,000. The appellants assert that the amount of the loss was not in issue as the Westchester had agreed to pay $5,000 under the policy prior to the time it decided to contest the suit here brought against it. As stated the plaintiffs sought by their own testimony to prove the value of the loss they sued upon. No instruction offered by them mentioned any amount or gave the jury any guide by which to fix an amount of the verdict. The jury was not obliged to believe the testimony of the plaintiffs as to the value of the belongings lost and they had no instruction offered to help them. This was a suit upon the policy not upon any agreement reached and we will review the case only upon the same theory upon which it was submitted in the trial court. Mo.Dig., Appeal and Error, ☞171(1). The point is without merit.

For the reasons stated the judgment is affirmed.

ANDERSON, P. J., and RUDDY, J., concur.